# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| Jessica Cockram, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action Number** |
| | ) | **09-01007-CV-W-JTM** |
| Genesco, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

# <u>ORDER</u>

In 2008, plaintiff Jessica Cockram ("Cockram") was employed at a Journeys shoe store. Journeys is owned by defendant Genesco, Inc. ("Genesco"). In October of 2008, Genesco fired Cockram after a customer at the Journeys store complained about a receipt that contained a racially offensive epithet. Following the termination, Genesco released a press statement that read:

> While we are continuing to investigate this incident, it now appears that an employee in one of our stores entered a highly inappropriate statement in a form used to process [a] merchandise return. Needless to say, such an act was not authorized by Journeys, and will not be tolerated. This employee has been terminated.[1]

A year later, on October 16, 2009, Cockram sued Genesco alleging causes of action for defamation, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

---

[1] Although Cockram is not named in the press release, she alleges that her name was being reported in local media covering the story.

Presently pending before the Court is Genesco's motion to dismiss the false light invasion of privacy cause of action as well as the two theories for emotional distress. In response, Cockram has agreed to dismiss the causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress without prejudice.[2] Genseco notes that it does not oppose the "motion" to dismiss those claims without prejudice. As such, the Court dismisses Count III (intentional infliction of emotional distress) and Count IV (negligent infliction of emotional distress) without prejudice.

The parties are not in agreement, however, regarding the legal sufficiency of Cockram's purported cause of action for false light invasion of privacy. Genesco argues that the entire and sole basis for the invasion of privacy claim is the alleged defamatory press release. Genesco further asserts that, under substantive Missouri law,[3] a claim for false light invasion of privacy is not permitted "when the offending conduct consists only of a defamation." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. 1993) (*en banc*) (*emphasis in original*). In *Nazeri*, the Missouri Supreme Court explicitly found:

> This Court has declined to recognize a cause of action for invasion of privacy when recovery is sought for untrue statements. As we noted in [a prior case,] "The case at bar is nothing more than the classic defamation action where one party alleges that the other published a false accusation concerning a statement of fact." Recovery for untrue statements that cause injury to reputation should be in defamation.

*Id.* at 317 (*quoting Sullivan v. Pulitzer Broad.*, 709 S.W.2d 475, 481 (Mo. 1986) (*en banc*)).

---

[2]    In point of fact, Cockram purports to dismiss the two claims unilaterally and without an order of the Court. Inasmuch as Genesco has already filed an answer to Cockram's, however, any dismissal requires a court order. FED. R. CIV. P. 41(a)(1)(A)(i).

[3]    Genesco proceeds with its arguments based on the assumption that Missouri substantive law applies. Inasmuch as Cockram does not dispute this implicit assertion, the Court will assume that Missouri law controls the recognition and elements of any tort claims being advanced by Cockram.

In response,[4] Cockram argues that Genesco's case law is "outdated." In support of this contention, Cockram cites the recent opinion of the Missouri Court of Appeals for the Eastern District in *Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319 (Mo. App. [E.D.] 2008). The Court, however, concludes that the *Meyerkord* opinion does not impact the clear holding of *Nazeri*.[5] All the *Meyerkord* court found was that a plaintiff could state a claim for false light invasion of privacy under Missouri law where the plaintiff was <u>not</u> relying on alleged defamatory statements. *Id*. at 323 (noting that in "this . . . case[,] the matter attributed to the plaintiff is not defamatory [and thus] the rule here affords a different remedy not available in an action for defamation"). Even after *Meyerkord*, the substantive law in Missouri is quite clear: there is no cause of action for false light invasion of privacy when recovery is sought for alleged defamatory statements.

Cockram argues that she should be permitted to plead theories in the alternative. The Court does not dispute that the Federal Rules of Civil Procedure permit pleading in the alternative. *See*, *e.g.*, FED. R. CIV. P. 8(e). However, <u>each</u> alternative theory must still state a claim recognized under the controlling law. In this case, Cockram has plead a claim for false

---

[4]    Cockram argues that her pleadings are sufficient to satisfy the pleading requirements set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). The Court agrees that the allegations are sufficiently detailed enough to meet the plausibility standard from a procedural standpoint; however, the issue is whether those facts plead a cause of action that is recognized under Missouri substantive law.

[5]    Moreover, it should be noted that a lower appellate court in Missouri cannot overrule a Supreme Court decision even if that had been the intent of the *Meyerkord* court. *See*, *e.g.*, *Noe v. Pipe Works, Inc.*, 874 S.W.2d 502, 504 (Mo. App. [E.D.] 1994) ("[W]e are constitutionally without authority to overrule the controlling decisions of the Supreme Court.").

light invasion of privacy based <u>solely</u> on what she explicitly pleads were defamatory comments. Missouri law does not recognize such a claim.

Finally, Cockram has pending before the Court a motion to strike nine of Genesco's affirmative defenses for failing to satisfy the plausibility standard of *Twombly*. Having reviewed the subject pleading, the Court denies the motion.

Accordingly, it is

**ORDERED** that GENESCO INC.'S MOTION TO DISMISS COUNTS II, III, AND IV OF PLAINTIFF'S PETITION FOR DAMAGES [Doc. 8] IS **GRANTED** and PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [Doc. 11] is **DENIED**.


<u>       */s/ John T. Maughmer*        </u>
**John T. Maughmer**
**United States Magistrate Judge**
